IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTERSON-UTI DRILLING COMPANY, LLC f/k/a PATTERSON-UTI DRILLING COMPANY, LP, LLLP,<br><br>Plaintiff,<br><br>v.<br><br>TRI-STATE TRUCKING, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO AMEND ANSWER**<br><br>Case No. 2:09-cv-01045 DN<br><br>Magistrate Judge David Nuffer |

On November 27, 2006, an accident occurred when Defendant Tri-State Trucking was transporting drilling equipment for Plaintiff Patterson-UTI Drilling Company.[1] The accident damaged the drilling equipment.[2] Defendant filed a motion for leave to amend its answer to the complaint "to allocate fault to Mike Brady Construction and/or Sunland Construction"[3] companies. Brady and Sunland allegedly built the road where the accident occurred. For the reasons set forth below, the motion is GRANTED.

## INTRODUCTION

Plaintiff filed its complaint on November 25, 2009, alleging damages in excess of $1,000,000.[4] In the original answer to the complaint, filed on December 31, 2009, Defendant

---

[1] Equipment Damage Reports at 1, attached as Exhibit A to Memorandum in Support of Motion for Leave to Amend Answer to the Complaint (Memorandum in Support), docket no. 20-1, filed July 14, 2010.

[2] *Id*.

[3] Motion for Leave to Amend Answer to the Complaint at 1, docket no. 19, filed July 14, 2010.

[4] Complaint at 2, attached as Exhibit A to Plaintiff's Memorandum in Opposition to Defendant's Motion for Leave to Amend Answer (Opposition), docket no. 21-1, filed August 2, 2010.

Tri-State admitted that "its driver was negligent"[5] and the "negligence of its driver caused the accident in question."[6] After examining the Equipment Damage Reports produced in the Plaintiff's initial disclosures on May 26, 2010,[7] Defendant desires to amend its answer.[8] The Reports indicate that the road was "soft" and "gave way causing truck to tip sideways."[9] Therefore, Defendant seeks "to allocate fault to Sunland Corporation and/or Mike Brady Corporation pursuant to Utah's Comparative Fault Statute found in Utah Code Ann. § 78B-5-818"[10] and to change an admission of negligence to a denial.[11]

## DISCUSSION

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave when justice so requires."[12] The Rule's purpose is to provide the parties "the maximum opportunity for each claim to be decided on its merits."[13] Generally, "the grant or denial of an opportunity to amend is within the discretion" of the court.[14] However, "outright refusal to grant the leave . . . [is] inconsistent with the spirit of the Federal Rules."[15] Among other factors, courts consider futility and timeliness in deciding whether to grant or deny leave to amend.[16] An amendment is considered futile if "the complaint, as amended, would be subject to

---

[5] Answer and Jury Demand at 2, ¶ 9, attached as Exhibit B to Opposition.

[6] *Id.* at 3, ¶ 11.

[7] Memorandum in Support at 2, ¶ 6.

[8] *Id.* at 2, ¶ 7.

[9] Equipment Damage Reports at 1, attached as Exhibit A to Memorandum in Support.

[10] Memorandum in Support at 2, ¶ 7.

[11] First Amended Answer and Jury Demand at 3-4, ¶¶ 9, 11, attached as Exhibit B to Memorandum in Support.

[12] Fed. R. Civ. P. 15(a)(2).

[13] *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

[14] *Forman v. Davis*, 371 U.S. 178, 182 (1962).

[15] *Id.*

[16] *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

dismissal."[17] If the amended complaint is brought after "a final, appealable order" or causes an "undue delay", the amendment is untimely.[18]

*Futility*

When the "the underlying facts and circumstances . . . may be a proper subject of relief, [the party] ought to be afforded an opportunity to test [its] claim on the merits" in order to reach a just decision.[19] Utah's Comparative Negligence statute allows the allocation of fault as follows:

> The fact finder may, and when requested by a party shall, allocate the percentage or proportion of fault attributable to each person seeking recovery, to each defendant, to any person immune from suit, and to any other person . . . for whom there is a factual and legal basis to allocate fault.[20]

The recently disclosed facts that the road condition could have been "soft" and "gave way" are within the scope of the statute and refer to the merits of the Defendant's position.[21] The court would consider the proposed amended complaint futile only if it fails to state a valid position.[22] The Defendant's amended answer contains allegations of a legally sufficient defense supported by some facts and, therefore, it is not futile.

*Timeliness*

The case is in the early stages of litigation as Plaintiff made disclosures in May and this motion was filed in July. By contrast, this accident happened on November 27, 2006, and it took Plaintiff about three years to file the original complaint on November 25, 2009. The delay in

---

[17] *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001).

[18] *Duncan*, 397 F.3d at 1315.

[19] *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996).

[20] U.C.A. § 78B-5-818(4)(a).

[21] Equipment Damage Reports at 1, attached as Exhibit A to Memorandum in Support.

[22] *See Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).

proceedings must be "undue" to justify the court's denial of the amendment. However, "delay alone is an insufficient ground to deny leave to amend."[23] The Defendant's amendment does not place "an unwarranted burden on the court, or [become] prejudicial, [and does not place] an unfair burden on the opposing party."[24]

**ORDER**

IT IS HEREBY ORDERED that Defendant's Motion to Amend Answer[25] is GRANTED.

Dated November 29, 2010.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[23] *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994).

[24] *Minter v. Prime Equipment Company*, 451 F.3d 1196, 1205 (10th Cir. 2006).

[25] Docket no. 19.